IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                   Case No. 23-10006-JWB

ERIKA CARDONA-CARRIZALES,

        Defendant.

**MEMORANDUM AND ORDER**

This matter comes before the court on Defendant's motion for appointment of counsel and to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 37.) The motion is fully briefed and ripe for decision. (Docs. 37, 39.) The motion is DENIED for the reasons stated herein.

**I.   Facts**

The indictment against Defendant charged her with two counts: (1) possession of methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and (2) interstate travel in aid of drug trafficking in violation of 18 U.S.C. § 1952(a)(3). (Doc. 1 at 1–2.) On March 28, 2023, Defendant pleaded guilty to Count 2 of the indictment. (Doc. 28 at 1.)

Under the United States Sentencing Guidelines, Defendant's offense level was 33 and her criminal history category was I because she has no criminal history points. (*See* Doc. 29 at 9.) Defendant's Sentencing Guideline range was 135–168 months. (Doc. 29 at 13.) However, the offense to which Defendant pleaded guilty has a statutory maximum sentence of five years (i.e., 60 months). (*See id.*; 18 U.S.C. § 1952(a)(3)(A).) Thus, the court sentenced her to 60 months. (Doc. 32 at 2.)

1

Defendant now seeks a reduction in her sentence pursuant to Part B of Subpart 1 of Amendment 821 to the Sentencing Guidelines for zero-point offenders. She also requests the court to appoint counsel to assist her with reducing her sentence.

## II. Analysis

### A. Appointment of Representation

First, Defendant has no constitutional right to appointment of counsel beyond her direct appeal. *See Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). This lack of a "right to counsel extends to a § 3582(c)(2) motion." *United States v. Campos*, 630 F. App'x 813, 816 (10th Cir. 2015). Nevertheless, a federal district court has discretion to appoint counsel to assist a defendant's pursuit of a § 3582 motion. *See United States v. Francom*, No. 2:09-CR-150 TS, 2021 WL 321969, at *2 (D. Utah Feb. 1, 2021) (citing *United States v. Olden*, 296 F. App'x 671, 674 (10th Cir. 2008)).

Defendant has not proffered any reasons for why the court should appoint counsel to assist with her motion for a sentence reduction. Thus, her request is denied. Additionally, as discussed more fully in Section II.B, Defendant's motion to reduce her sentence under Subpart 1 of Part B of Amendment 821 is denied. Hence, Defendant's request for assistance of counsel is also moot.

### B. Sentence Reduction

Defendant seeks a reduction in her sentence on the basis that Amendment 821 to the Sentencing Guidelines provides an adjustment for zero-point offenders. "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the

Sentencing Commission." *See* 18 U.S.C. § 3582(c)(2). The Sentencing Commission amended the United States Sentencing Guidelines effective November 1, 2023. *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023). Subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for certain "Zero-Point Offenders." *See* United States Sentencing Comm'n, Amendment 821, https://www.ussc.gov/guidelines/amendment/821 (last visited March 4, 2024).

Defendant is a zero-point offender. (Doc. 29 at 9.) At time of sentencing, she had a criminal history category of I and a total offense level of 33 that yielded a guideline range of 135–168 months. (*See* Doc. 29 at 9; Doc. 33 at 1.) Under the amended Sentencing Guidelines, Defendant's offense level would be reduced by 2 points, resulting in a total offense level of 31. Because her criminal history category remained the same, her sentencing guidelines range under the amended guideline would be 108–135 months. However, the offense to which Defendant pleaded guilty carries a statutory maximum sentence of five years—or 60 months. *See* U.S.C. § 1952(a)(3)(A). Defendant was sentenced to 60 months imprisonment. (Doc. 32 at 2). Because the amended range is not beneath the statutory maximum, Defendant's motion must be denied. *See* U.S.S.G § 5G1.1(a).

Although in *United States vs. Booker*, 543 U.S. 220 (2005), the Supreme Court held that the Sentencing Guidelines were advisory, 18 U.S.C. § 3582(c) precludes a court from modifying a term of imprisonment unless the requirements of that subsection are met. Subsection (c)(2) of that statute authorizes the court to modify a sentence of imprisonment when the Sentencing Commission reduces the applicable sentencing range by subsequent amendment, but only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The court sentenced Defendant in accordance with the policy statement in U.S.S.G § 5G1.1(a): "[w]here the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence." As discussed, Defendant's statutory maximum sentence under U.S.C. § 1952(a)(3)(A) was 60 months, which was below her sentencing range of 135–168 months. Hence, the court, pursuant to § 5G1.1(a), sentenced Defendant to 60 months. (Doc. 33 at 2.) The amended guideline range of 108–135 months remains higher than Defendant's statutory maximum sentence. Thus, the court, pursuant to § 5G1.1(a) again, cannot alter Defendant's sentence, and the motion to reduce her sentence is denied. Moreover, under the circumstances of this case, the court would not reduce Defendant's sentence based on the change in the calculated guideline range (135-168 months reduced to 108-135 months), even if it had discretion to do so.

**III.   Conclusion**

Defendant's motion for sentence reduction and appointment of counsel (Doc. 37) is DENIED.

IT IS SO ORDERED.  Dated this 21st day of March, 2024.

        ___s/ John W. Broomes_____
        JOHN W. BROOMES
        UNITED STATES DISTRICT JUDGE